IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  1:14 CV-03241 LTB CBS

JUANITO MILANES
Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY
d/b/a American Family Insurance
Defendant.

---

## STIPULATED PROTECTIVE ORDER

---

Pursuant to the stipulation of the parties, IT IS ORDERED:  Defendant American Family Mutual Insurance Company will produce certain documents, stamped CONFIDENTIAL and containing bates labels beginning with **Confidential Documents_000001**, which it considers privileged, confidential, proprietary, competitively sensitive and trade secret.  The production and use of such documents in this case will be conducted pursuant to the following:

1.      Counsel for defendant must review documents and certify that the designation as "CONFIDENTIAL" is based on a good faith belief that the information is confidential or otherwise entitled to protection.  All such documents shall be stamped "CONFIDENTIAL" by Defendant. It is agreed that the documents so designated are subject to this Protective Order (hereinafter referred to as "documents").

2.      Documents, materials and/or information designated "CONFIDENTIAL" shall not be disclosed or used for any purpose except the preparation and trial of this case.

3.      A party may object to the designation of particular "CONFIDENTIAL" information by giving written notice to the party designating the disputed information within ten

Exhibit 1

(10) business days of receipt of the document.  The written notice shall identify the information

to which the objection is made.  If the parties cannot resolve the objection within ten (10)

business days after the time the notice is received, it shall be the obligation of the party

designating the information as "CONFIDENTIAL" to file an appropriate motion requesting that

the court determine whether the disputed information should be subject to the terms of this

Protective Order.  If such a motion is timely filed, the disputed information shall be treated as

"CONFIDENTIAL" under the terms of this Protective Order until the Court rules on the motion.

If the designating party fails to file such a motion within the prescribed time, the disputed

information shall lose its designation as "CONFIDENTIAL" and shall not thereafter be treated

as "CONFIDENTIAL" in accordance with this Protective Order.  In connection with a motion

filed under this provision, the party designating the information as "CONFIDENTIAL" shall

bear the burden of establishing that good cause exists for the disputed information to be treated

as "CONFIDENTIAL."

     4.     Plaintiff and her counsel agree that the documents and the information obtained

from the documents shall not be released to any other person or entity for any purpose, with the

exception of an individual certified by Plaintiff's counsel as employed by or assisting counsel in

preparation for or at the trial of this action or a person who is expressly retained by Plaintiff or

her counsel for the purpose of testifying or giving opinions in this litigation, including Plaintiff's

insurance claims expert, but only to the extent necessary for such person to perform his or her

assigned tasks in connection with this litigation.

     5.     Counsel for Plaintiff shall first obtain a written agreement from each individual,

identified under paragraph 4 of this Protective Order, who will review any or all of the

documents or receive information therefrom that they agree to hold all such documents in

**Exhibit 1**

confidence and agree to the terms and conditions set forth in **Exhibit A**, including that the individual will not reproduce the documents, transfer the documents or divulge information obtained therefrom to any other entity or person for any purpose. The written agreement shall be in the form attached hereto as **Exhibit A**.

6.      In the event of a deposition of a non-party or a party, or one of its present or former officers, directors, employees, agents, or an independent expert retained for purposes of this litigation, it is agreed that any confidential documents or information obtained therefrom is confidential and the deposition shall remain confidential and shall not be used or distributed for any purpose other than in connection with this litigation.

7.      Counsel for Plaintiff shall maintain a list of all persons to whom the confidential information covered by this Protective Order has been shown, to whom copies have been provided, and who have agreed to the terms of this Protective Order. Counsel's list shall also identify, by number, all documents copied and the number of copies provided to each person.

8.      At the conclusion of the action, counsel for Plaintiff will promptly furnish to counsel for Defendant, Sutton | Booker | P.C., a letter which identifies all persons or entities to whom documents or information has been disclosed along with a copy of the list maintained pursuant to paragraph 5 and a copy of the written agreement regarding confidentiality obtained from each person or entity. Counsel for Plaintiff will return to counsel for Defendant, Sutton | Booker | P.C., within 30 days of the conclusion of this case, the original documents plus all copies or reproductions of any kind made from the documents.

9.      Any request to restrict access must comply with the requirements of D.C.COLO.LCiv.R. 7.2.

10.     The production of such documents or information by the parties shall not

**Exhibit 1**

constitute a waiver of any privilege, or claim or right of withholding, or confidentiality.

11. This Protective Order survives this case for the purpose of enforcement.

Approved as to form:


/s/ Joshua D. Stoll
Joshua D. Stoll
The Paul Wilkinson Law Firm, LLC
3900 E. Mexico, Ste 600
Denver, CO 80210
Telephone:     303-333-7285
Fax:            303-481-6364
Joshua@pwlfllc.com

/s/ Rebecca B. Albano
Rebecca B. Albano
Law Office of Rebecca Albano, LLC
1665 Grant Street
Denver, CO 80203
Telephone:     303-815-1592
Fax:            303-815-1593
Rebecca@lawalbano.com
*Attorneys for Plaintiff*
*Juanito Milanes*



/s/ Jacquelyn S. Booker
Jacquelyn S. Booker
26 W. Dry Creek Cir., Suite 375
Littleton, CO 80120
Telephone:     303-730-6204
Fax:            303-730-6208
E-Mail: jbooker@suttonbooker.com
**Attorney for Defendant,**
**American Family Mutual Insurance Company**


Date:     **08 Jun 2015**


BY THE COURT:



Craig B. Shaffer
United States Magistrate Judge

**Exhibit 1**

United States Magistrate Judge

**Juanito Milanes v. American Family Mutual Insurance Company *et. al.***
**Case No. 1:14 CV-03241 LTB CBS**

<u>**COMMITMENT OF QUALIFIED PERSON PURSUANT**</u>
<u>**TO CONFIDENTIALITY AGREEMENT**</u>

My full name is: _____

My address is: _____

My present employer is: _____

My present occupation or job description is: _____

I hereby affirm that:

1.  I have received or reviewed documents stamped CONFIDENTIAL and containing the bates label **"Confidential Documents."** I will not reproduce or transfer any of the documents I reviewed or received.

2.  I have received and read a copy of the Stipulated Protective Order entered in the action entitled Juanito Milanes v. American Family Mutual Insurance Company *et. al.,* Case Number: 1:14 CV-03241 LTB CBS.

3.  I understand the terms thereof and agree to be bound thereby. I will not disclose any information from the documents to persons not identified in paragraphs 3 and 4 of the Confidentiality Agreement. I will use any such information only with respect to this case;

4.  I will return all documents that come into my possession and all documents or things which I have prepared which contain such information to any attorney representing the party that has employed or retained me; and

5.  I am aware that a violation of such an agreement may result in civil liability. I submit to the jurisdiction of this Court for the purposes of enforcement of the Confidentiality Agreement.

DATED this _____ day of _____, 20___.

By:     _____

**Exhibit A**

**Exhibit 1**